UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. HORN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:08CV1033 TIA |
| | ) | |
| ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Robert Reinhold's Motion to Withdraw.  (Docket No. 143).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On July 15, 2008, Plaintiffs filed a complaint against Defendants St. Louis County and thirteen individual police officers, alleging numerous constitutional and state violations.  On November 10, 2008 and July 6, 2009,  Plaintiffs filed Amended Complaints.  In response, Defendants filed either a Motion to Strike Amended Complaint or a Motion to Dismiss.  On December 3, 2009, the undersigned filed an Amended Case Management Order, and Plaintiffs filed a Third Amended Complaint on December 17, 2009.  On January 7, 2010, Defendants filed a Motion to Dismiss for Failure to State a Claim.  On March 31, 2010, Defendants filed a Motion in Support of Continuing Stay of Case, and the undersigned granted the motion on April 1, 2010.  The parties filed status reports regarding the status of the underlying state criminal case on June 2 and September 16, 2010, January 12, March 15, and May 16, 2011, February 10 and June 15, 2012.  After the underlying state criminal case had concluded, the undersigned entered a Second Amended Case Management Order setting the jury trial for April 15, 2013.  With Defendants' consent, Plaintiffs filed a Fourth Amended Complaint on November 5, 2012.  On December 7, 2012, Defendants filed a Motion to Dismiss for

Failure to State a Claim, and Plaintiffs filed a Motion for Extension of Time to file a responsive pleading thereto.

On December 28, 2012, Plaintiffs' attorney filed a Motion to Withdraw as Attorney citing a "conflict" with one of his clients. In the pleading, counsel failed to indicate whether he communicated with his clients his intent to file the instant motion, and whether his clients objected. Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. The undersigned entered an order directing counsel to file a pleading citing the specific nature of the conflict, along with a showing of good cause for the apparent untimeliness of the motion to withdraw. In his Memorandum in Support, counsel opined as follows:

> The undersigned Counsel is opposed to Robert Horn or anyone having a RIGHT to bear arms under any circumstances, and this conclusion of the undersigned Counsel was arrived at in recent times because of recent national gun violence occurrences, and thus the undersigned Counsel opposes the Second Amendment and does not desire to promote its legal viability and promote having is amended out of the U.S. Constitution.

> Robert Horn believes he has a RIGHT to bear arms under the Second Amendment and expects to have his claims fully pursued in this regard to all extents[*sic*] legally possible.... This difference was only discovered recently.

> Robert Horn believes that certain events that occurred between him and Ken Cox and Scott Cox and members of the Cox family that occurred before September 9, 2005 and after July 15, 2006 are relevant and should be presented in the case and Robert Reinhold does not agree and the difference is not reconcilable.... This difference of opinion was only discovered in its intensity recently.[1]

---

[1]The undersigned notes that the Second Amended Case Management Order entered on July 18, 2012 set forth a deadline of November 1,2012 for filing of a motion requesting amendments of pleadings. Accordingly, Plaintiff Robert Horn would not be able to file an amended complaint asserting any additional claims against Ken Cox and Scott Cox in the instant cause of action.

(ECF No. 146 at 1)(internal citation and numbering omitted).

This Court has adopted the Rules of Professional conduct adopted by the Supreme Court of Missouri, as amended by that Court. E.D. Mo. Local Rule 12.02. According to the Missouri Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client or if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Missouri Rules of Professional Conduct 4-1.16(b). The comments for this rule state, "A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyers's services," Id., Comment 4, and "A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." Id., Comment 8. Nonetheless, "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Mo. R. Prof. Conduct 4-1.16(c).

As directed by the Court, Plaintiff's counsel filed a pleading specifying the nature of the conflict with Plaintiff. After reviewing the record and the reasons for withdrawal noted by counsel, the Court concludes that there is not good cause to grant the pending motion to withdraw.

The Court reminds counsel of the following important deadlines: Under the Case Management Order, the case is set for trial on April 15, 2013. January 21, 2013 is the deadline for filing opposition to Defendants' Motion to Dismiss Fourth Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6), or in the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e). Failure to comply with such deadlines may result in the instant action being dismissed for failure to

prosecute.  See Garland v. Peebles, 1 F.3d 683, 686 (8th Cir. 1993).  Accordingly,

**IT IS HEREBY ORDERED** that Robert Reinhold's Motion to Withdraw.  (Docket No. 143) is DENIED.


_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE

Dated this _9th_ day of January, 2013.